UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JEFFREY BLANE HOUGHTALING,

        Plaintiff,

v.

DEBORAH EATON, *Senior C.C. Gowanda*,

        Defendant.
_____

**DECISION AND ORDER**

6:14-CV-6416 EAW

## BACKGROUND

Plaintiff Jeffrey Blane Houghtaling ("Plaintiff"), proceeding *pro se*, filed this action on July 24, 2014, pursuant to 42 U.S.C. § 1983, alleging a "constitutional due process violation" against Brian Fischer ("Fischer"), the former Commissioner of the New York State Department of Corrections and Community Supervision, Deborah Eaton, a senior correctional counselor ("Defendant"), and Dale Artus ("Artus"), the Superintendent of Gowanda Correctional Facility (hereinafter, "the original complaint"). (Dkt. 1). On December 5, 2014, Plaintiff filed a motion for an extension of time to serve the original complaint (Dkt. 2), and, on December 12, 2014, filed an amended complaint against only Fischer (hereinafter, "the first amended complaint") (Dkt. 3). On April 10, 2015, United States District Judge William M. Skretny granted Plaintiff's motion for an extension of time, allowing an additional 90 days from the date of the Court Order to serve the first amended complaint, and made the first amended complaint against Fischer the operative pleading. (Dkt. 4).

- 1 -

Subsequently, Plaintiff indicated that he had mistakenly named only Fischer in the first amended complaint while operating under a misapprehension of the law, namely, that Fischer could be held liable under 42 U.S.C. § 1983 for his supervisory role over those who Plaintiff alleges personally violated his rights. (Dkt. 7 at 2; Dkt. 8 at 3). Plaintiff stated that upon realizing that Fischer enjoyed qualified immunity, he sought to amend the first amended complaint to name only Defendant, the correctional counselor allegedly personally responsible for Plaintiff's grievances. (*See* Dkt. 7 at 2). In doing so, he both filed his new amended complaint (hereinafter, "the second amended complaint") on July 6, 2015 (Dkt. 5), and served it upon Defendant on July 7, 2015 (Dkt. 6).

On August 7, 2015, Plaintiff filed a motion requesting leave from the Court to make the second amended complaint the operative pleading, and for the Court to find that his claims against Defendant be deemed timely filed through the doctrines of relation back or equitable tolling. (Dkt. 7; Dkt. 8). Plaintiff also requested the appointment of counsel. (Dkt. 8 at 6). On June 8, 2016, the undersigned granted Plaintiff's request for leave to amend and made the second amended complaint the operative pleading, and denied Plaintiff's motion for the appointment of counsel. (Dkt. 10). On October 27, 2016, Defendant filed an answer to the second amended complaint. (Dkt. 17). On the same day, the case was referred to United States Magistrate Judge Jonathan W. Feldman pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) for supervision of pretrial non-dispositive matters. (Dkt. 18).

On January 18, 2017, Plaintiff filed "a motion to Amend Caption and add [Corrections Officer] Zmuda as a named defendant" in this action. (Dkt. 31). Plaintiff

argued that Corrections Officer Zmuda's ("C.O. Zmuda") "unlawful actions have always been clearly documented in all pleadings," that C.O. Zmuda was "acting under color of state law" at the time the allegedly wrongful conduct occurred, and that this amendment would not cause him any prejudice. (*Id.* at 2-3). Plaintiff also appeared to suggest that the statute of limitations should be tolled because he initially retained a law firm that was unresponsive to his needs for fifteen months. (*Id.* at 3). Notably, Plaintiff alleges that the incident occurred on July 24, 2011, and Plaintiff's original complaint was filed on July 24, 2014. (*See* Dkt. 1).

Defendant filed papers in response to the motion for leave to amend. (Dkt. 33). Defendant argues that Plaintiff did not comply with Local Rule 15 because he failed to attach a third amended proposed pleading to his motion. (Dkt. 33-1 at 3-4). Defendant then asserts that, in any event, the proposed amendment is futile because it does not relate back to the original complaint and is not subject to equitable tolling, and thus, it is time-barred by the applicable statute of limitations. (*Id.* at 5-21). Finally, Defendant contends that Plaintiff was dilatory in seeking to add C.O. Zmuda to this action, and that C.O. Zmuda would be unfairly prejudiced if he was added as a defendant. (*Id.* at 21-23).

Plaintiff filed reply papers in support of his motion where he reiterated many of the same arguments asserted in his initial motion papers. (*See* Dkt. 35). On April 24, 2017, Plaintiff filed a motion to supplement his motion to amend, indicating that he plans to assert claims of assault and battery against C.O. Zmuda, in his individual capacity, in violation of Plaintiff's rights under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution. (Dkt. 42 at 2).

On September 29, 2017, Magistrate Judge Feldman issued a thorough and comprehensive Report and Recommendation, recommending that Plaintiff's motion to amend be denied. (Dkt. 47). Judge Feldman construed Plaintiff's motion as both a motion to amend the caption of the second amended complaint to reflect that C.O. Zmuda was a named defendant in the original complaint, and as a motion for leave to amend the second amended complaint. (*Id.* at 1). Specifically, Judge Feldman recommended that Plaintiff's motion be denied in the former respect because Plaintiff's allegations in the original complaint did not indicate that C.O. Zmuda was personally involved in Plaintiff's alleged constitutional due process violation. (*Id.* at 7-9). Judge Feldman also recommended that Plaintiff's motion be denied in the latter respect because Plaintiff's proposed claims against C.O. Zmuda did not relate back to the filing of the original complaint since Plaintiff failed to demonstrate that there was any "mistake" in the identity of C.O. Zmuda as a potential party defendant. (*See id.* at 9-17). Plaintiff filed objections to those portions of Judge Feldman's Report and Recommendation that determined that Plaintiff's original complaint did not sufficiently allege C.O. Zmuda's personal involvement in the alleged constitutional violation, and that found that Plaintiff did not satisfy the strictures of Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure. (Dkt. 48). Defendant filed papers in response on October 26, 2017. (Dkt. 50).

On November 13, 2017, Plaintiff filed a reply to Defendant's response to his objections. (Dkt. 51). In this reply, Plaintiff withdrew his request to add C.O. Zmuda to

On September 29, 2017, Magistrate Judge Feldman issued a thorough and comprehensive Report and Recommendation, recommending that Plaintiff's motion to amend be denied. (Dkt. 47). Judge Feldman construed Plaintiff's motion as both a motion to amend the caption of the second amended complaint to reflect that C.O. Zmuda was a named defendant in the original complaint, and as a motion for leave to amend the second amended complaint. (*Id.* at 1). Specifically, Judge Feldman recommended that Plaintiff's motion be denied in the former respect because Plaintiff's allegations in the original complaint did not indicate that C.O. Zmuda was personally involved in Plaintiff's alleged constitutional due process violation. (*Id.* at 7-9). Judge Feldman also recommended that Plaintiff's motion be denied in the latter respect because Plaintiff's proposed claims against C.O. Zmuda did not relate back to the filing of the original complaint since Plaintiff failed to demonstrate that there was any "mistake" in the identity of C.O. Zmuda as a potential party defendant. (*See id.* at 9-17). Plaintiff filed objections to those portions of Judge Feldman's Report and Recommendation that determined that Plaintiff's original complaint did not sufficiently allege C.O. Zmuda's personal involvement in the alleged constitutional violation, and that found that Plaintiff did not satisfy the strictures of Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure. (Dkt. 48). Defendant filed papers in response on October 26, 2017. (Dkt. 50).

On November 13, 2017, Plaintiff filed a reply to Defendant's response to his objections. (Dkt. 51). In this reply, Plaintiff withdrew his request to add C.O. Zmuda to

the caption, "as it is not relevant to the body of the complaint." (*Id.* at 1).[1] In addition, Plaintiff, for the first time, claims that C.O. Zmuda "was clearly involved in the Due Process violations at the Tier III hearing" because he was "in collusion with [Defendant] when he submitted false testimony at the hearing." (*Id.* (emphasis omitted)). Plaintiff also states, for the first time, that C.O. Zmuda "violated [his] Due Process [rights] by resorting to First Amendment Retaliation" by engaging in physical contact after Plaintiff complained that his "'dinner is out of sight [and] around other inmates.'" (*Id.* (emphasis omitted)). Plaintiff further argues that the New York State Office of the Attorney General was "always" aware of C.O. Zmuda's allegedly wrongful actions against Plaintiff. (*Id.* at 2). For the reasons set forth below, Judge Feldman's Report and Recommendation is adopted in its entirety.

## DISCUSSION

I. **Standard of Review**

Because Judge Feldman's Report and Recommendation concludes that leave to amend should be denied because any amendment would not relate back to the filing of the original complaint, and thus would be futile since the claims are barred by the applicable statutes of limitation, this Court reviews that determination under a *de novo* standard of review. *See HCC, Inc. v. R H & M Mach. Co.*, 39 F. Supp. 2d 317, 321 (S.D.N.Y. 1999) ("This Court is of the view that denial of leave to amend is a dispositive decision at least

---

[1] The Court construes this withdrawal as either an inartfully stated argument, or a misunderstanding of the necessary connection between the named defendants in the caption of an action, and the substance of the complaint. In any event, the Court does not construe this as a withdrawal of any material portion of Plaintiff's previous arguments.

- 5 -

in situations where the denial is premised on futility."); *Ezeh v. McDonald*, 13-CV-6563, 2016 WL 1254012, at *4 n.3 (W.D.N.Y. Mar. 14, 2016) ("Because my findings and conclusions regarding the futility of plaintiff's motion operate as a dispositive determination that [proposed defendants] may not be joined as defendants in this case, my determinations are made as part of a Report and Recommendation and not a Decision and Order."), *report and recommendation adopted*, 2016 WL 1271513 (W.D.N.Y. Mar. 30, 2016); *cf. Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) (suggesting, in dicta, that a motion to amend is a nondispositive motion that may be referred to a magistrate judge without the parties' consent and that a magistrate judge's order on such a motion is to be set aside only if it is clearly erroneous or contrary to law); *Steuben Foods, Inc. v. GEA Process Engineering, Inc.*, 1:12–CV–00904 EAW JJM, 2016 WL 3876644, at *1-2 (W.D.N.Y. July 12, 2016) (concluding that the standard of review for a magistrate judge's denial of leave to amend based on procedural grounds, as opposed to futility of proposed amendment, was "clearly erroneous or contrary to law").

Of course, this *de novo* standard of review applies to only those portions of the Report and Recommendation to which objections were filed. *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure [to timely] object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *see* L.R. Civ. P. 72(b) ("Written objections to proposed findings of fact and recommendations for disposition submitted by a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) shall specifically identity the portions of the proposed findings and recommendations to which

objection is made and the basis for each objection, and shall be supported by legal authority."). In the absence of a specific objection, the district court reviews for clear error or manifest injustice. *Singh v. N.Y. State Dep't of Taxation & Fin.*, 865 F. Supp. 2d 344, 348 (W.D.N.Y. 2011). Following review of the report and recommendation, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## II. <u>Plaintiff's Motion to Amend is Denied</u>

### A. C.O. Zmuda Was Not an Intended Defendant in the Original Complaint

"Although Rule 10(a) of the Federal Rules of Civil Procedure requires that every party to an action be named in a complaint's caption, the caption itself is normally not determinative of the identity of the parties or of the pleader's statement of claim." *Heicklen v. U.S. Dep't of Homeland Sec.*, No. 10 CIV. 2239 RJH JLC, 2011 WL 3841543, at *10 (S.D.N.Y. Aug. 30, 2011), *report and recommendation adopted*, No. 10 CIV. 2239 RJH JLC, 2011 WL 4442669 (S.D.N.Y. Sept. 23, 2011). "'The caption, pleadings, service of process and other indications of the intent of the pleader, are evidence upon which a district court will decide, in cases of doubt, whether an entity has properly been made a party to a lawsuit.'" *E.E.O.C. v. Int'l Ass'n of Bridge, Structural & Ornamental Ironworkers, Local 580*, 139 F. Supp. 2d 512, 525 (S.D.N.Y. 2001) (quoting *Nationwide Mut. Ins. Co. v. Kaufman*, 896 F. Supp. 104, 109 (E.D.N.Y. 1995)). "The substance of the pleadings, not the caption, determines the identity of the parties." *Mateo v. JetBlue Airways Corp.*, 847 F. Supp. 2d 383, 384 n.1 (E.D.N.Y. 2012). Even still, the caption is often "helpful" in this regard. *Prisco v. State of New York*, 804 F. Supp. 518, 521 (S.D.N.Y. 1992).

Judge Feldman recommended that Plaintiff's motion be denied to the extent that it could be construed as a motion to amend the caption of the second amended complaint to reflect the fact that C.O. Zmuda was a named defendant in the original complaint. (Dkt. 47 at 7-9). Specifically, Judge Feldman determined that Plaintiff "did not sufficiently allege Zmuda's personal involvement in the conduct complained of in the original complaint for Zmuda to be considered named in the original complaint." (*Id.* at 8). Plaintiff objects to this finding in the Report and Recommendation, and argues that "C.O. Zmuda's unconstitutional conduct has always been documented in all pleadings." (Dkt. 48 at 1). Defendant opposes Plaintiff's objection, arguing that "Plaintiff evidenced a clear intent to bring only a procedural due process claim, and thus cannot now add an entirely separate claim against a different party pursuant to Rule 10(a)...." (Dkt. 50 at 3). For the following reasons, the Court agrees with Judge Feldman's recommendation.

Here, Plaintiff failed to list C.O. Zmuda in the caption of the original complaint. (*See* Dkt. 1). Plaintiff alleged that his claim was for "a constitutional due process violation." (*Id.* at 4). In setting up this claim, Plaintiff contended that C.O. Zmuda "ordered [him] to stand spread eagle (frisk position) on the wall." (*Id.* at 3-4). When Plaintiff was physically unable to comply with this request, C.O. Zmuda "became physical and threw Plaintiff to the floor, handcuffed him, and Plaintiff was taken to SHU (Box)." (*Id.* at 4-5). Plaintiff then stated that at a subsequent Tier III Hearing, Defendant "denied [his] constitutional protected due process to present medical records," Artus, who was "responsible for his staff, ... refused Plaintiff's handwritten letter for help with his medical records," and Fischer "affirmed Plaintiff's hearing disposition and denied relief." (*Id.* at

5). Plaintiff claimed that "[a]s a result of the improper hearing[, he] suffered four months and 19 day[s] in SHU," and was transferred to other correctional facilities. (*Id.*). In addition, Plaintiff stated that he "was kept in prison for 5 extra months as a result of the improper hearing." (*Id.*).

The original complaint clearly attempts to assert claims for alleged due process violations arising from the Tier III disciplinary hearing. In fact, the only constitutional injury raised by Plaintiff arose from his alleged confinement resulting from "the improper hearing." (*Id.*). While Judge Feldman correctly notes that Plaintiff's allegations regarding C.O. Zmuda's conduct "could be viewed as wrongful," these allegations do not indicate how these actions made C.O. Zmuda "personally involved" in the specific constitutional due process violation alleged therein. *See Dargan v. Heath*, No. 10 CIV. 7360 PKC, 2011 WL 1795814, at *4 (S.D.N.Y. May 4, 2011) ("The body of the September Complaint contains no allegations indicating if or how the two [defendants] were involved *in the alleged Constitutional deprivation*." (emphasis added)); *Lee v. DelFavero*, No. 9:04 CV 382, 2005 WL 2387820, at *2 n.3 (N.D.N.Y. Sept. 28, 2005) ("Because there are no allegations in the body of plaintiff's amended complaint addressing the involvement of the [agency] *in the constitutional violations asserted*, if deemed to be a named defendant the agency would be entitled to dismissal for lack of personal involvement." (emphasis added)); *Marable v. Kurtz*, No. 99CIV. 1387(LAP), 2000 WL 1279763, at *5 (S.D.N.Y. Sept. 11, 2000) (finding that "nowhere in the body of the complaint is any one of them alleged to have been personally involved in *the constitutional violations alleged*" (emphasis added)).

Notably, Plaintiff affirmatively underlined the names of the defendants he apparently intended to proceed against in his § 1983 action. (Dkt. 1 at 5). However, Plaintiff did not underline C.O. Zmuda's name when discussing his conduct. (*Id.* at 3-4). Plaintiff's reference to C.O. Zmuda's actions appears simply to constitute background information for setting up his due process cause of action allegedly resulting from the Tier III hearing. *See Gamble v. Felker*, No. 07-CV-6458 CJS, 2010 WL 547169, at *1 (W.D.N.Y. Feb. 12, 2010) (stating that certain defendants were "not listed in the caption, but [were] mentioned in the body of the Complaint," and concluding that "it [was] somewhat unclear whether [the p]laintiff was attempting to assert claims against [those defendants], or whether he simply included information about the alleged assaults as background information"); *cf. Murray v. Lakeland Cent. Sch. Dist. Bd. of Educ.*, No. 16-CV-6795 (KMK), 2017 WL 4286658, at *8 n.6 (S.D.N.Y. Sept. 26, 2017) (finding that although the proposed defendant was "not named as a defendant in the caption of the Amended Complaint, Plaintiff refers to [the proposed defendant] *as a defendant* in the body of that document" (emphasis added)); *Seale v. Madison County*, 929 F. Supp. 2d 51, 58 n.1 (N.D.N.Y. 2013) (same).

Indeed, Plaintiff's original complaint does not allege any constitutional injury arising out of C.O. Zmuda's actions. (*See* Dkt. 1 at 3-5; *see also* Dkt. 47 at 16 ("Plaintiff asserted no injury resulting from Zmuda's conduct.")). "It is well-settled that 'where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted.'" *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330,

335 (S.D.N.Y. 1999) (quoting *Morabito v. Blum*, 528 F. Supp. 252, 262 (S.D.N.Y. 1981)), *aff'd sub nom. Dove v. O'Hare*, 210 F.3d 354 (2d Cir. 2000). Here, C.O. Zmuda was not even named in the caption. *See Lebron v. Armitage*, No. 9:08-CV-508 TJM/GJD, 2009 WL 9123270, at *2 (N.D.N.Y. Sept. 23, 2009) ("The body of the amended complaint names other individuals who do not appear in the caption, thus, the court must assume that these individuals are not intended to be defendants."). As such, without any additional allegations that C.O. Zmuda was personally involved in the constitutional deprivation alleged in the original complaint, that pleading simply does not contain sufficient allegations for the Court to conclude that C.O. Zmuda was a named defendant therein.

Therefore, the Court agrees with Judge Feldman's Report and Recommendation, and thus, insofar as Plaintiff's motion could be construed as requesting to modify the caption of the second amended complaint to reflect that C.O. Zmuda was named in the original complaint, Plaintiff's motion is denied with prejudice.

B. **Plaintiff's Proposed Claims Do Not Relate Back to the Original Complaint**

The Report and Recommendation also concludes that the proposed claims against C.O. Zmuda do not relate back to the filing of the original complaint, and thus, are barred by the three-year statute of limitations applied to § 1983 causes of action brought in New York State. (*See* Dkt. 47 at 9-17). Specifically, Judge Feldman determined that Plaintiff was aware of C.O. Zmuda's identity, because Plaintiff had referred to C.O. Zmuda within the original complaint. (*Id.* at 15). Judge Feldman also emphasized that the original complaint "was very clearly focused on [Plaintiff]'s disciplinary hearing," and that, in

contrast to the named defendants, Plaintiff did not allege any constitutional injury arising from C.O. Zmuda's conduct. (*See id.* at 16). In Plaintiff's objections to the Report and Recommendation, Plaintiff generally contends that he satisfies Rule 15(c)(1)(C), apparently because "[t]he Attorney General knew or should have known" that C.O. Zmuda would have been a party defendant, but for "a caption mistake." (Dkt. 48 at 2). However, Plaintiff does not indicate that his failure to name C.O. Zmuda was due to a mistake of identity or legal misapprehension of his claims.

"Rule 15(c)(1)(C) provides the federal standard for relation back." *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013). Rule 15(c) provides as follows with respect to the relation back of an amendment to a complaint:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c). "The amendment must meet all three requirements in order to relate back to the date of the original pleading under Rule 15(c)(1)(C)." *Ramos v. Police Officer Maureen Engels*, No. 15 CV 1081 ARR LB, 2016 WL 3619534, at *3 (E.D.N.Y. June 3, 2016), *report and recommendation adopted sub nom. Ramos v. Engels*, No. 15-CV-1081 (ARR)(LB), 2016 WL 3640684 (E.D.N.Y. June 29, 2016).

This Court has reviewed the Report and Recommendation *de novo*, as well as the parties' original submissions to Judge Feldman and the submissions to this Court. Based on that review, the Court concludes that Judge Feldman correctly held that Plaintiff failed to establish a "mistake" within the meaning of Rule 15(c)(1)(C). To establish a "mistake" under Rule 15(c)(1)(C), "a plaintiff must show either factual mistake as to the name of the party to be sued (i.e., that he misapprehended the identities of the individuals he wished to sue) or legal mistake concerning the requirements of the cause of action (i.e., that he misunderstood the legal requirements of his cause of action)." *In re Sterling Foster & Co., Inc., Sec. Litig.*, 222 F. Supp. 2d 216, 261 (E.D.N.Y. 2002) (citing *Soto v. Brooklyn Corr. Facility*, 80 F.3d 34, 34-35 (2d Cir. 1996)).

As Judge Feldman correctly stated in his Report and Recommendation, Plaintiff "did not misapprehend the identity of Zmuda. To the contrary, [P]laintiff identified Zmuda by name in the original complaint but did not include him as a defendant." (Dkt. 47 at 15; *see* Dkt. 1). "Claims against any newly added defendants will not 'relate back' to the date of the original complaint where the plaintiff's failure to name the prospective defendant was 'the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity.'" *Schoolcraft v. City of New York*, 81 F. Supp. 3d 295, 301 (S.D.N.Y.

2015) (quoting *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 552 (2010)). Here, Plaintiff was clearly aware of the identity of C.O. Zmuda at the time he filed the original complaint because he referred to him within that pleading. (*See* Dkt. 1 at 3-4). Plaintiff was not required to sue C.O. Zmuda, and thus, his failure to do so "must be considered a matter of choice, not mistake." *Cornwell v. Robinson*, 23 F.3d 694, 705 (2d Cir. 1994); *see Waterman v. NYS Office of Temp & Disability*, No. 13-CV-611-RJA-MJR, 2016 WL 8116151, at *6 (W.D.N.Y. Dec. 15, 2016) (holding that the failure to name known parties in the original complaint is "deemed a matter of choice, not mistake, thereby precluding relation back under Rule 15(c)(1)(C)"), *report and recommendation adopted*, No. 13-CV-611-A, 2017 WL 387082 (W.D.N.Y. Jan. 27, 2017); *Schoolcraft*, 81 F. Supp. 3d at 301 (finding that where the plaintiff knew the identities of the proposed defendants "within the applicable statute of limitations and did not name them as defendants or serve them with a summons and complaint during that time," this amounted to "a deliberate choice, not a mistake of identity as contemplated by Rule 15"). The Court notes that "[t]he statute of limitations was enacted precisely to prevent the bringing of stale claims and to protect defendants from the fear of unexpected litigation." *Afrika v. Selsky*, 750 F. Supp. 595, 599 (S.D.N.Y. 1990). Without a legally sufficient mistake, Plaintiff "cannot circumvent the statute of limitations." *Id.* at 660.

In addition, Plaintiff did not specifically object to Judge Feldman's conclusions concerning the impact of relation back under state law pursuant to Rule 15(c)(1)(A). (*See* Dkt. 48; Dkt. 51; *see also* Dkt. 47 at 16-17). In any event, this Court agrees with Judge Feldman's conclusion that for the same reason a mistake is not present under Rule

15(c)(1)(C), it is also not present under the corresponding provision found at Section 203 of New York's Civil Practice Law and Rules. (*See* Dkt. 47 at 17).

Finally, the Court notes that Judge Feldman assumed that Rule 15(c)(1)(C) may be interpreted to permit the addition of new defendants, as well as the substitution of defendants, and, therefore, the Report and Recommendation did not find Plaintiff's proposed addition of C.O. Zmuda—as opposed to a substitution—as fatal to the motion. (*See id.* at 11). By its express language, the relation-back language of Rule 15(c)(1)(C) applies to an amendment that "changes" a named party due to a mistake concerning the proper party's identity, not to a situation where an entirely new party is being added. Fed. R. Civ. P. 15(c)(1)(C); *see Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995) ("Rule 15(c) explicitly allows the relation back of an amendment due to a 'mistake' concerning the identity of the parties (under certain circumstances), but the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake."). Courts appear to be split on whether relation back is allowed for amendments adding, as opposed to substituting, a party. *Compare In re Vitamin C Antitrust Litig.*, 995 F. Supp. 2d 125, 129 (E.D.N.Y. 2014) ("Rule 15(c)(1)(C) does not encompass just any mistake. It requires a mistake 'concerning *the proper party's identity*.' As a matter of plain language, this provision would appear to include only 'wrong party' cases, and not 'additional party' cases. . . . The plaintiff has sued the right defendant, and simply neglected to sue another defendant who might also be liable. If the drafters of Rule 15 had meant to allow relation back in this situation, they could have easily done so."), *with Almazo v. M.A. Angeliades, Inc.*, No. 11 CV 1717

(MGC), 2015 WL 6965116, at *6 (S.D.N.Y. Nov. 10, 2015) (interpreting Rule 15(c)(1)(C) as including instances where a plaintiff "seeks to sue an additional defendant (rather than simply a different defendant)."). Although this Court questions whether the addition of entirely new parties is permitted within the plain language of Rule 15(c)(1)(C), it specifically does not resolve that issue for purposes of this motion.

## CONCLUSION

Accordingly, for the foregoing reasons and the reasons set forth in Magistrate Judge Feldman's Report and Recommendation, Plaintiff's motion for leave to amend (Dkt. 31) is denied with prejudice.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:  January 19, 2018
        Rochester, New York