UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JEFFREY BLANE HOUGHTALING,

                              Plaintiff,          REPORT AND RECOMMENDATION

          v.                                      14-CV-6416-EAW-MJP

DEBORAH EATON,

                              Defendant.

## APPEARANCES

For Plaintiff:                          Jeffrey Blane Houghtaling
                                        284 Valley Road
                                        Rochester, New York 14618

For Defendant:                          Heather Lynn McKay
                                        N.Y.S. Attorney General's Office
                                        Department of Law
                                        144 Exchange Boulevard
                                        Rochester, NY 14614

## INTRODUCTION

**Pedersen, M.J.** *Pro se* Plaintiff Jeffrey Blane Houghtaling ("Plaintiff")
commenced this action on June 8, 2016, against defendant Deborah Eaton
("Defendant"), alleging violations under 42 U.S.C § 1983 for incidents that occurred
while Plaintiff was incarcerated at Gowanda Correctional Facility.[1] (ECF No. 11.)
Presently before the Court is Defendant's motion for an order pursuant to Rules 37(a),
(b) and (d) and 41(b) and (c) of the Federal Rules of Civil Procedure ("FRCP"),

---

[1] Plaintiff commenced this action against other individuals, but the case has been
dismissed as to all of them.

dismissing this action for Plaintiff's failure to comply with discovery, or, in the alternative, precluding Plaintiff from introducing evidence relating to and/or derived from Plaintiff's witness Rita Reisinger-Novisky, including calling her as a witness, and ordering Plaintiff to pay attorney's fees incurred by Defendant in making the present motion. (Def.'s Not. of Mot., ECF No. 219.) Defendant also seeks a stay of all remaining discovery deadlines pending resolution of this motion. (*Id.*)

After reviewing the motion papers, the undersigned recommends that the District Court dismiss this action pursuant to Fed. R. Civ. P. 37(b)(2) and Fed. R. Civ. P. 41(b) for Plaintiff's failure to prosecute and failure to comply with two court orders regarding discovery. The undersigned further recommends that the District Court grant Defendant's motion for attorney's fees. Finally, the undersigned recommends granting Defendant's request to stay discovery until the Honorable Elizabeth A. Wolford renders a decision with respect to this Report and Recommendation.

## STANDARD OF LAW

On September 13, 2021, the Honorable Elizabeth A. Wolford referred Defendant's motion to dismiss pursuant to FRCP 37 and 41 for resolution of both non-dispositive and dispositive issues, including to issue a Report and Recommendation on Defendant's motion to dismiss, if necessary. (ECF No. 225.)

## DISCUSSION

***Findings of Fact Regarding Defendant's Motion to Dismiss Under FRCP 37(b) for Failure to Comply with this Court's Discovery Orders.***

On September 9, 2021, Defendant propounded Interrogatories and Document Demands ("the Demands") on Plaintiff. (ECF No. 129.) Plaintiff did not respond to the Demands. (McKay Decl. at 1, dated Jul. 27, 2021, ECF No. 219–1.) Plaintiff did,

however, file a motion for sanctions in which he indicated that Defendant sent the Demands to him and in which Plaintiff labeled the Demands "untimely, off the record, inflammatory, and abusive." (Pl.'s Mot. for Sanctions at 2, 3[2], ECF No. 134.)[3]

Plaintiff thereafter filed five motions for sanctions, all alleging misconduct by defense counsel and Defendant. (ECF Nos. 126, 127, 131, 132, & 134.) Defendant filed an opposition to the five motions and also moved for an order granting Defendant sanctions, including attorney's fees, and directing Plaintiff to comply with any remaining discovery. (Def.'s Not. of Mot. at 1, ECF No. 147.) After oral argument on the motions, the undersigned issued a decision and order which, in relevant part, "direct[ed] Plaintiff to fully respond to Defendant's First Set of Interrogatories and Document Demands within thirty (30) days of the entry of this Decision and order." (D&O at 2, 18, 19, dated Feb. 1, 2021, ECF No. 177.) The undersigned filed the decision and order on February 1, 2021, making Plaintiff's responses due on March 3, 2021. In the decision and order, the undersigned further directed Plaintiff "not to delay or otherwise impede, and to participate in, the deposition of Ms. Reisinger-Novisky," Plaintiff's witness. (*Id.* at 2, 18, 19.) Plaintiff once again did not respond to the Demands.

On March 18, 2021, Defendant moved pursuant to FRCP 37 and 41 for an order dismissing the present action due to Plaintiff's failure to comply with the

---

[2] The page number referenced is to that assigned by CM/ECF when the document was electronically filed.

[3] During oral argument on the motions for sanctions before the undersigned, Plaintiff again made reference to the "first set of interrogatories," calling them "very intimidating, [and] harassing." (Trans. of Sept. 22, 2021 proceedings at 22, ECF No. 148.)

undersigned's February 1, 2021, discovery order, or, in the alternative, prohibiting Plaintiff from introducing evidence relating to and/or derived from Plaintiff's witness, Rita Reisinger-Novisky, and ordering Plaintiff to pay attorney's fees and costs, or, in the alternative, compelling Plaintiff to respond to the Demands under threat of possible sanctions. (Def.'s Not. of Mot. at 1, ECF No. 193.)

In a decision and order, dated June 21, 2021, the undersigned found that "Plaintiff willfully violated this Court's order directing Plaintiff to respond to the Demands." (D&O at 7, ECF No. 203.) However, the undersigned declined to impose sanctions because Plaintiff had not previously been warned that his failure to comply with a court order could result in sanctions. (*Id.* at 8.) The undersigned directed Plaintiff to respond to the Demands by July 19, 2021. (*Id.* at 8, 10.) The decision and order contained an explicit warning as follows:

> **The Court hereby warns Plaintiff that the failure to respond to the Demands by that date will result in sanctions, which could include precluding Plaintiff from introducing evidence related to and/or derived from Rita Reisinger-Novisky, dismissal of this action, and directing Plaintiff to pay defense counsel's reasonable attorney's fees and costs associated with any subsequent motions made by Defendant pursuant to Rule 37. The Court further warns Plaintiff that any failure to abide by this Court's orders or the Federal Rules in the future could result in any other sanction under the Federal Rules.**

(*Id.* at 8, emphasis in original.)

To date, Plaintiff has not provided any response to the Demands. (McKay Decl. at 3, dated Jul. 27, 2021, ECF No. 219–1). Instead, Plaintiff asserted in a document titled "Reply to docket 203" that "Mark W. Pedersen's duties <u>do not</u> include dispositive motions rendering Docket 203 moot . . ." and that "Mark W. Pedersen has no

jurisdiction over my case or my future." (Pl.'s Reply to docket 203 at 2, 3, ECF No. 204.)

**Legal Conclusions Regarding Defendant's Motion to Dismiss Under FRCP 37(b) for Failure to Comply with this Court's Discovery Orders.**

It is established that "all litigants, including pro ses, have an obligation to comply with court orders," *Minotti v. Lensink,* 895 F.2d 100, 103 (2d Cir. 1990), and failure to comply may result in sanctions, including dismissal with prejudice. FRCP 37 provides that "[i]f a party ... fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders ... [including] dismissing the action or proceeding in whole or in part" or "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii) & (v). "*Pro se* litigants, though generally entitled to 'special solicitude' before district courts, *Triestman v. Federal Bureau of Prisons,* 470 F.3d 471, 475 (2d Cir. 2006) (internal quotation marks omitted), are not immune to dismissal as a sanction for noncompliance with discovery orders." *Agiwal v. Mid Island Mortg. Corp.,* 555 F.3d 298, 302 (2d Cir. 2009). Dismissal of a *pro se* litigant's action may be appropriate "so long as a warning has been given that non-compliance can result in dismissal." *Id.* (quoting *Valentine v. Museum of Modern Art,* 29 F.3d 47, 50 (2d Cir.1994)).

"[D]ismissal with prejudice is a harsh remedy to be used only in extreme situations ..., and then only when a court finds willfulness, bad faith, or any fault on the part of the [party]." *Bobal v. Rensselaer Polytechnic Institute,* 916 F.2d 759, 764 (2d Cir. 1990), *cert. denied* 499 U.S. 943 (Mar. 25, 1991) (internal quotations omitted).

As the Supreme Court has advised, however, "the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Valentine*, 29 F.3d at 49–50 (2d Cir. 1994) (quoting *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (per curiam)). Finally, "[t]he imposition of sanctions under Rule 37 lies within the discretion of the district court . . . ." *Id.* at 49.

The Second Circuit has provided several factors to aide a court in deciding whether an exercise of discretion to dismiss the action is appropriate, including "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of ... noncompliance." *Agiwal,* 555 F.3d at 302.

With respect to the first factor, Plaintiff has now willfully failed to comply with two court orders directing him to respond to the Demands. In fact, Plaintiff even stated that the undersigned lacked jurisdiction to decide Defendant's motion to dismiss and that the undersigned's decision and order, dated June 21, 2021, in which the undersigned issued a warning to Plaintiff that he would be sanctioned if he did not comply with the order, was "moot."[4] Plaintiff's response to the decision and order

---

[4] As Plaintiff is aware, the undersigned did not dismiss Plaintiff's case in the June 21, 2021, decision and order, but rather ruled upon discovery issues, which are firmly within a magistrate judge's jurisdiction.

also demonstrates that he was aware of the discovery order and its directive, but purposefully decided to ignore it. Based upon the forgoing, the first factor weighs in favor of dismissal.

The second factor, the efficacy of lesser sanctions, also weighs in favor of dismissal. Plaintiff has repeatedly demonstrated that he has no regard for this Court's orders or directives. He unilaterally declared the undersigned's June 21, 2021, decision and order "moot." Lesser sanctions are not feasible given Plaintiff's blithely ignoring the undersigned's prior orders, such that the imposition of any sanction less than dismissal will not likely accomplish anything further, nor assure Plaintiff's future adherence to the Federal Rules or future orders of this Court.

The fourth factor also weighs in favor of dismissal. Defendant served the Demands on Plaintiff on September 9, 2020, meaning Plaintiff has willfully chosen not to respond to the Demands for almost an entire year. The Court first ordered Plaintiff to respond to the Demands on February 1, 2021, approximately seven months ago. The duration of Plaintiff's noncompliance is significant and supports dismissal. *Agiwal*, 555 F.3d at 303 (finding that a period of noncompliance with discovery orders over a period of six months weighed in favor of dismissal).

Finally, the fourth factor also weighs in favor of dismissal. The June 21, 2021, decision and order included a very specific warning to Plaintiff, in bold letters, that he would be sanctioned if he did not respond to the Demands by a date certain and that such sanctions could include dismissal of this action. Rather than respond to the Demands, Plaintiff willfully ignored the directive and instead attacked the undersigned's jurisdiction to issue the decision and order. While the undersigned is

cognizant that dismissal with prejudice is a harsh remedy, Plaintiff has repeatedly demonstrated his unwillingness to comply with the judicial process and has frustrated any meaningful litigation of this action.

Based upon the forgoing, the Court recommends to the District Court that Plaintiff's case be dismissed with prejudice pursuant to FRCP 37(b). In the alternative, should the District Court find that dismissal is too harsh a remedy, the undersigned recommends that Plaintiff be precluded from introducing evidence relating to and/or derived from Plaintiff's witness Rita Reisinger-Novisky, including calling her as a witness pursuant to FRCP 37(b)(2)(ii).

### Findings of Fact Regarding Defendant's Motion to Dismiss Under FRCP 41(b).

The undersigned incorporates the findings of fact included in the above section of this report and recommendation and includes further facts relevant to the analysis of whether dismissal pursuant to FRCP 41(b) is appropriate.

As addressed above, Plaintiff has failed to comply with two Court orders directing him to file responses to the Demands. (D&O, dated Feb. 1, 2021, ECF No. 177; D&O, dated June 21, 2021, ECF No. 203.) Defendant served the Demands on Plaintiff on September 9, 2020, and Plaintiff has now failed to respond to them for almost an entire year. Further, seven months has elapsed since the Court first ordered Plaintiff to respond to the Demands on February 1, 2021. (D&O, ECF No. 177.)

In addition, Plaintiff has flooded the docket throughout the duration of this case with meritless and repetitive filings that do not address the substance of

Plaintiff's claims. For example, Plaintiff filed five motions for sanctions requesting that the Court impose sanctions on opposing counsel for alleged misconduct, and against Defendant for alleged obstruction of justice and tampering with evidence. (ECF Nos. 126, 127, 131, 132, and 134.) In addition, Plaintiff made twelve additional filings that were at least tangentially related to the motions for sanctions and which the undersigned was required to take into consideration when rendering a decision on the motions for sanctions. (EFC Nos. 139, 149, 150, 155, 156, 160, 161, 162, 163, 165, 172, and 173.) The undersigned ultimately determined that all five of Plaintiff's motions were frivolous and specifically stated in the decision and order that **"Plaintiff is hereby further warned that any future violation of Rule 11 may result in dismissal of the action or other appropriate sanctions."** (D&O at 17, ECF No. 177, emphasis in original.) Prior to the Court's ruling on the motions for sanctions, Plaintiff vacillated between indicating that he was going to withdraw the motions and saying that he wanted to pursue a resolution of the motions. For example, during oral argument on the motions for sanctions Plaintiff stated as follows:

> THE COURT: So I'm going suspend the discovery
> deadlines as of today and when I issue a decision on the
> sanctions motions, I'll readdress the discovery deadlines.
> Mr. Houghtaling, thank you very much for coming in.
> Ms. McKay, thank you for joining by phone.
> MR. HOUGHTALING: Your Honor.
> THE COURT: Yes.
> MR. HOUGHTALING: I would withdraw my motions for
> sanctions.
> THE COURT: You don't need to.
> MR. HOUGHTALING: Okay. I would withdraw them
> because I can — I believe they may be unwarranted.
> THE COURT: Wait a minute. You've spent the past

hour basically explaining to me how they are warranted. How
is it that you're now deciding to change your mind?
MR. HOUGHTALING: Well, I've already heard your
perception that they are — they are not meritul [sic] for
sanctions. That's your, that's your —
THE COURT: That's what I addressed on the one that
you filed today —
MR. HOUGHTALING: Okay.
THE COURT: — with regard to Rule 11. I have not
addressed in detail all five.

(Trans. of Sept. 22, 2020 oral arg. at 38–39, ECF No. 148.) Plaintiff also sent

correspondence to Defendant, dated October 8, 2020, in which he indicated that he

was "considering withdrawing the sanctions as they really do nothing for me in terms

of finalizing this case." (McKay Decl. at Ex. C, ECF No. 147–1; Corresp. from Pl. to

defense counsel, dated Oct. 8, 2020, ECF No. 149.) In other words, even after

repeatedly filing motions for sanctions, Plaintiff admitted that they might be

meritless and that he might withdraw them after the Court spent time and resources

reviewing all of the motions and hearing oral argument on them.

Further, Defendant noticed Plaintiff's social worker, Rita Reisinger-Novisky,

for a deposition to occur on September 3, 2020. However, Ms. Reisinger-Novisky

terminated the deposition after only one hour because Plaintiff incorrectly informed

Ms. Reisinger-Novisky that her deposition would only last one hour and based on that

misinformation, Ms. Reisinger-Novisky scheduled clients for 10:00 a.m. that same

day. (Trans. of depo. of Rita Reisinger-Novisky at 32:15–19, 43:18–20, 44:6–8; 45:11–

20, 63:3–8, dated Sept. 3, 2020 ("Reisinger-Novisky Dep."), ECF No. 130-1; McKay

Decl. at 1, dated Sept. 8, 2020, ¶¶ 3, 4, 6, ECF No. 128.) In fact, Plaintiff admitted

that "I've taken this day – I've taken the day. Rita didn't have the day. She was under

a misconception and maybe that was from me, okay." (Reisinger-Novisky Dep. at 63:3–6.) Plaintiff further hampered the deposition by stating the following to Ms. Reisinger-Novisky:

> MR. HOUGHTALING: Listen you're doing awesome. Ms. McKay's intent is to drag this on as long as possible. She has a complete set of therapy notes and she wants to challenge any of your notes. She may do that at trial, okay?
> MS. MCKAY: Mr. Houghtaling?
> MR. HOUGHTALING: What I recommend — what I recommend from you, Rita, is if we can push forward with no dilatory tactics involved here and no frivolous questions. We can finish this and move on.

(*Id.* at 49:17–50:2.) Defense counsel attempted to reschedule Ms. Reisinger-Novisky's deposition to no avail. Because Defendant could not obtain the necessary deposition testimony from Plaintiff's sole witness, Defendant served the Demands. (McKay Decl., dated Oct. 14, 2020, at 8, 9, ECF No. 146.)

Additionally, throughout this case, Plaintiff has flooded the docket with filings not relevant to the merits of his case but rather attacking opposing counsel, the undersigned, and his law clerk, and which have only served to significantly delay resolution of this matter and abuse the judicial process. (For examples of Plaintiff's numerous filings attacking opposing counsel, *see* Pl.'s motions for sanctions, ECF Nos. 126, 127, 131, 132, & 134; Corresp. from Pl. to Judge Wolford, dated Oct. 30, 2020, ECF No. 150; Pl.'s Not. of Mot. in Support of Summary Judgement and Mots. for Sanctions, filed Nov. 6, 2020, ECF No. 153; Pl.'s Not. of Mot. for a Truth Seeking Hearing, filed Nov. 18, 2020, ECF No. 159; Email communications between Pl. and arii@courtsteno.com, dated Decl. 11, 2020, ECF No. 163; Corresp. between Pl. and Judge Wolford, dated Dec. 21, 2020, ECF No. 165; Pl.'s Not. of Mot., filed Dec. 29,

2020, ECF No. 168 (subsequently rendered moot by Judge Wolford, ECF No. 169); Pl.'s Decl. Reply to ECF 170, filed Jan. 4, 2021, ECF No. 172; Pl.'s Decl., filed Jan. 4, 2021, ECF No. 173; Pl.'s corresp. to M. Loewenguth, dated Feb. 4, 2021, ECF No. 179; Pl.'s corresp. to M. Loewenguth, dated Mar. 3, 2021, ECF No. 184; and Pl.'s corresp. to M. Loewenguth, dated Mar. 10, 2021, ECF No. 190. For examples of Plaintiff's numerous filings attacking opposing counsel and the undersigned, *see* Pl.'s Decl., filed Jan. 22, 2021, ECF No. 176; Pl.'s corresp. to M. Loewenguth, dated Mar. 2, 2021, ECF No. 185; Pl.'s corresp. to Judge Wolford, dated June 27, 2021, ECF No. 209; and Pl.'s corresp. to M. Loewenguth, dated Jul. 30, 2021, ECF No. 222. For examples of Plaintiff's numerous filings attacking the undersigned, *see* Pl.'s corresp. to Judge Wolford, dated Mar. 8, 2021, ECF No. 187; Decl. in Support of Dkt. 187, filed Mar. 15, 2021, ECF No. 191; Pl.'s corresp. to Judge Wolford, dated Mar. 13, 2021, ECF No. 192; Pl.'s corresp. to Judge Wolford, dated Mar. 30, 2021, ECF No. 200; Pl.'s corresp. to Judge Wolford ("Rely to docket 203"), filed June 22, 2021; Pl.'s corresp. to M. Loewenguth, dated June 24, 2021, ECF No. 205; Pl.'s corresp. to Judge Wolford, dated June 25, 2021, ECF No. 206; and Pl.'s corresp. to Judge Wolford, dated June 30, 2021, ECF No. 212. For Plaintiff's filing attacking the undersigned's law clerk, *see* Pl.'s corresp. to Judge Wolford, dated Sept. 30, 2020, ECF No. 141.)

Plaintiff has also spent hours of this Court's time addressing his meritless claims of misconduct and attacks on Court personnel. (see, *e.g.*, Trans. of Oct. 7, 2020 proceedings, ECF No. 181; Trans. of Jan. 20, 2021 proceedings, ECF No. 182 (Judge Pedersen indicated "Mr. Houghtaling, we put this on at your request in which you

entitled a 'motion hearing.' I'm not sure exactly what you wanted to do, but the floor is yours.").

### *Legal Conclusions Regarding Defendant's Motion to Dismiss Under FRCP 41(b).*

"The district court also has the power under Fed.R.Civ.P. 41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute" *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995). The Second Circuit has stated that a failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 42 (2d Cir. 1982). "While a harsh remedy, the rule is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload." *Lopez v. Comm'r of Soc. Sec.*, 110 F. Supp. 3d 489, 491 (W.D.N.Y. 2015) (Wolford, J.) (internal quotations and citations omitted).

In evaluating a motion to dismiss for failure to prosecute under Rule 41(b), a court must weigh five factors:

> (1) The duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citations omitted). No single factor is dispositive, and a district court must weigh the record as a whole when

considering dismissal under Rule 41(b). *United States ex rel. Drake v. Norden Sys., Inc.,* 375 F.3d 248, 254 (2d. Cir. 2004).

The Second Circuit has provided that the inquiry under the first factor is two-fold: (1) whether the failures to prosecute were plaintiff's fault; and (2) whether the failures were of significant duration. *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001). Plaintiff was wholly aware that he was obligated to respond to the Demands and made the choice, even after two court orders, to not respond. In other words, Plaintiff's noncompliance is entirely his own fault. With respect to duration, a period of over seven months has elapsed since the time Defendant was first ordered by the undersigned to respond to the Demands. It has been approximately an entire year since Defendant first served the Demands. The undersigned believes that the duration of Plaintiff's failure to respond to the Demands is significant, especially when considering the record as a whole and Plaintiff's other dilatory tactics. *Agiwal*, 555 F.3d at 303 (finding that a period of noncompliance with discovery orders over a period of six months weighed in favor of dismissal); *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666-67 (2d Cir. 1980) (delay of six months sufficient to warrant dismissal for failure to prosecute); *Antonios A. Alevizopoulos & Assoc., Inc. v. Comcast Int'l Holdings, Inc.,* No. 99 Civ. 9311, 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000) (delay of four months warranted dismissal). The undersigned finds that this factor weighs in favor of dismissal.

With respect to the second factor, there can be no doubt that Plaintiff was on notice that his case could be dismissed for his failure to comply with this Court's orders, as well as his failure to comply with the Federal Rules. Indeed, the

undersigned's June 21, 2021, decision and order explicitly warned Plaintiff, in bold letters, that his failure to respond to the Demands by a date certain "will result in sanctions" including preclusion and/or dismissal and also warned Plaintiff "that any failure to abide by this Court's orders or the Federal Rules in the future could result in any other sanction provided under the Federal Rules." (D&O at 8, dated June 21, 2021, ECF No. 203.) In addition, Plaintiff was warned in a previous Court order, in bold letters, "that any further violation of Rule 11 may result in dismissal of the action or other appropriate sanctions." (D&O at 17, dated Feb. 1, 2021, ECF No. 177.) The February 1, 2021, decision and order addressed Plaintiff's five frivolous motions for sanctions. In other words, Plaintiff has been made aware, several times, that his failure to comply with the Federal Rules could result in dismissal of this action. The Court finds that this factor also weighs in favor of dismissal. *West v. City of New York,* 130 F.R.D. 522, 524–25 (S.D.N.Y. 1990) (after notice of court's intent to dismiss for failure to proceed with discovery had been given, plaintiff's continued failure was grounds for dismissal under Rule 41(b)).

The third factor—whether Defendant will be prejudiced by further delay of the proceedings—weighs in favor of dismissal. This case has already been pending for over seven years. The amount of time that has passed will certainly have an effect on witness memory and discovery proceedings and any further delay will only exacerbate these issues. Additionally, the delay caused by Plaintiff has increased Defendant's litigation costs, including forcing Defendant to incur attorney's fees for seeking responses to the Demands and having to make two motions to enforce the Court's orders directing Plaintiff to respond to those Demands. Defendant's litigation

costs will only continue to increase as Plaintiff continues to hamper the discovery process, preventing Defendant from obtaining the discovery necessary to defend herself in this action and requiring Defendant to make further motions to resolve this matter.

With respect to the fourth factor—balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard—Plaintiff has swamped the Court with irrelevant or obstructionist filings for years, as can be seen by the examples of these filings, above. Regardless, the Court has provided Plaintiff with many opportunities to be heard, including holding numerous case management conferences and oral arguments addressing those filings that the undersigned has the jurisdiction to address. Further, Plaintiff has repeatedly demonstrated his lack of respect for the undersigned, resorting to questioning the undersigned's qualifications and ability to perform his judicial duties. Plaintiff's obstreperous conduct has hampered this Court's docket and has required extraordinary time and attention that could have been spent on other litigants who show more respect for the judicial process. In consideration of the forgoing, this factor also weighs in favor of dismissal.

Finally, with respect to the fifth factor, based upon the particular facts of this case, Plaintiff's dilatory tactics, his repeated obstruction of the discovery process, his blatant disregard for the Federal Rules, his numerous filings attacking the undersigned and others rather than focusing on prosecuting the merits of the case, and his bold declaration that the undersigned's June 21, 2021, order is "moot," lead the undersigned to believe that dismissal of the case is the proper sanction. There has

been no indication from Plaintiff that he is willing to adhere to the Court's previous orders and, accordingly, Plaintiff will likely treat an order sanctioning him in the same manner and with the same disregard. Based upon the forgoing, the undersigned recommends that Plaintiff's case be dismissed pursuant to Rule 41(b), with prejudice.

***Findings of Fact Regarding Defendant's Motion for Attorney's Fees.***

In response to Plaintiff's five motions for sanctions, Defendant filed a motion seeking sanctions against Plaintiff and requesting that the Court direct Plaintiff to respond to the Demands. (Def.'s Not. of Mot., ECF No. 147; Def.'s Mem. of Law at 9, ECF No. 147–2.) In response, the undersigned directed Plaintiff to respond to the Demands within thirty days of the filing of the decision and order. (D&O at 18, 19, ECF No. 177.) Plaintiff failed to comply with this Court order.

Defendant thereafter filed a motion seeking "an order [pursuant to Rules 37 and 41 of the FRCP] dismissing the instant action due to Plaintiff's refusal to comply with the Court's discovery order, or alternatively prohibiting Plaintiff from introducing evidence relating to and/or derived from the witness, Rita Reisinger-Novisky, and ordering Plaintiff to pay attorneys' fees and costs, or at the very least staying discovery and compelling Plaintiff to respond to Defendant's First Set of Interrogatories and Document Demands under threat of possible sanctions including dismissal . . . ." (Def.'s Not. of Mot., ECF No. 193.) The undersigned denied Defendant's motion for attorney's fees on the basis that Plaintiff had not yet been warned that the Court could impose sanctions under FRCP 37 for Plaintiff's failure

to comply with a court's discovery order. (D&O at 10, ECF No. 203.) In its decision and order, the Court specifically included the following language:

> **The Court hereby warns Plaintiff that the failure to respond to the Demands by that date will result in sanctions, which could include precluding Plaintiff from introducing evidence related to and/or derived from Rita Reisinger-Novisky, dismissal of this action, and directing Plaintiff to pay defense counsel's reasonable attorney's fees and costs associated with any subsequent motions made by Defendant pursuant to Rule 37. The Court further warns Plaintiff that any failure to abide by this Court's orders or the Federal Rules in the future could result in any other sanction under the Federal Rules.**

(*Id.* at 8.) The Court ordered Plaintiff to provide responses to the Demands by July 19, 2021. (*Id.*) Plaintiff has still not responded to the Demands, leading Defendant to make the instant motion.

### *Legal Conclusions Regarding Defendant's Motion for Attorney's Fees.*

With the present motion, Defendant seeks attorney's fees pursuant to FRCP 37(a)(5)(A) and (C). (Def.'s Not. of Mot., ECF No. 219; Def's Mem. of Law at 10, ECF No. 219–9.) Under subsection (A), the Court "must" require the offending party to pay the movant's reasonable attorney's fees incurred after notice if the Court previously granted the moving party's motion to compel. FRCP 37(a)(5)(A). Despite the compulsory language in Rule 37, "a district court has wide discretion in sanctioning a party for discovery abuses." *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 267 (2d Cir. 1999), *cert. denied* 528 U.S. 1119 (Jan. 18, 2000). Under the rule, a court may deny a request for fees where (1) the movant did not make a good faith effort to resolve the dispute before filing the motion; (2) the non-moving party's failure to provide the discovery response was "substantially justified"; or (3) the award of fees would be

unjust. FRCP 37(a)(5)(A)(i)-(iii). Subsection (C) authorizes the court to apportion the reasonable expenses of the motion should the court not grant it in full. FRCP 37(a)(5)(C).

Plaintiff has not provided any justification for failing to comply with either of the Court's orders directing him to respond to the Demands. Additionally, the undersigned explicitly warned Plaintiff that he would be sanctioned, including an award of attorney's fees to Defendant, if he did not respond to the Demands by July 19, 2021. Plaintiff willfully ignored this warning.

Further, the undersigned does not believe that any exception to the mandatory award of attorney's fees under FRCP 37 applies here. Defendant has demonstrated that she made a good faith effort to resolve the discovery dispute, including mailing and emailing Plaintiff correspondence, dated March 10, 2021, in which defense counsel reminded Plaintiff that his discovery responses were overdue and providing him with additional time to submit the responses. (McKay corresp. to Pl., dated Mar. 10, 2021, ECF No. 189.) In addition, prior to making her first motion to dismiss and/or preclude, Defendant sought an order from the Court directing Plaintiff to respond to the Demands as part of her cross-motion for sanctions. (Def.'s Not. of Mot., ECF No. 147; Def.'s Mem. of Law at 9, ECF No. 147–2.)

With respect to the second exception, Plaintiff has not provided any argument or evidence to support any claim that his failure to respond to the Demands in total disregard of two Court orders was in anyway "substantially justified." If anything, Plaintiff made it abundantly clear that he has no respect for the undersigned's orders, even calling one of them "moot."

Finally, while the Court previously found that an award of attorney's fees would have been unjust because Plaintiff had not been forewarned of the possible sanctions for failing to comply with a court order, Plaintiff subsequently explicitly received such warning. (D&O, ECF No. 203.) Given Defendant's repeated failure to respond to the Demands and his blatant disregard of the orders of this Court, the undersigned does not believe that an award of fees would be unjust. Accordingly, the undersigned recommends that the District Court grant Defendant's motion for attorney's fees and award Defendant $2,925.00 in fees.

## CONCLUSION

Based on the foregoing, the undersigned recommends that the District Court dismiss this action with prejudice pursuant to FRCP 37(b) and 41(b). The undersigned further recommends that the District Court grant Defendant's motion for attorney's fees. In the alternative, if the District Court does not find that dismissal is warranted, the undersigned recommends precluding Plaintiff from introducing evidence relating to and/or derived from Plaintiff's witness Rita Reisinger-Novisky, including calling her as a witness. Finally, the undersigned recommends granting Defendant's request to stay discovery until the Honorable Elizabeth A. Wolford renders a decision with respect to this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1), the undersigned hereby

**ORDERS**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance.  *See, e.g., Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

DATED:    September 13, 2021
          Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge