UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JEFFREY BLANE HOUGHTALING,

                    Plaintiff,

          v.

DEBORAH EATON, Senior C.C. Gowanda,

                    Defendant.

**DECISION AND ORDER**

6:14-CV-06416 EAW

## INTRODUCTION

Plaintiff Jeffrey Blane Houghtaling ("Plaintiff"), proceeding *pro se*,[1] asserts claims against defendant Deborah Eaton ("Defendant") pursuant to 42 U.S.C. § 1983.  (Dkt. 11).  Presently before the Court is the September 13, 2021 Report and Recommendation issued by United States Magistrate Judge Mark W. Pedersen, recommending that the Court grant Defendant's motion for an order pursuant to Rule 37 and Rule 41 of the Federal Rules of Civil Procedure, dismissing Plaintiff's case for failure to comply with discovery, and awarding Defendant her attorney's fees incurred in bringing the motion (Dkt. 226 (hereinafter, the "R&R")), Plaintiff's objections thereto (Dkt. 228), and Defendant's response to Plaintiff's objections (Dkt. 232).

---

[1]     Plaintiff was previously represented in this case by attorney John R. Parrinello (Dkt. 94), but on June 24, 2020, the Court granted Mr. Parrinello's motion to withdraw as counsel for Plaintiff (Dkt. 111).

The Court has conducted a thorough review of the R&R (Dkt. 226), the underlying motion to dismiss (Dkt. 219) and Plaintiff's response to the motion (Dkt. 222), and Plaintiff's objections to the R&R (Dkt. 228). After *de novo* review of those issues to which objections were filed, and after a thorough consideration of all the issues raised in the parties' filings, the Court hereby accepts and adopts the R&R in its entirety. Accordingly, Defendant's motion to dismiss (Dkt. 219) is granted, and Plaintiff's case is dismissed. Further, Defendant is awarded attorney's fees in the amount of $2,925.00. Plaintiff's pending motions for summary judgment and for judgment on the pleadings (Dkt. 229; Dkt. 233) are dismissed as moot.[2]

## BACKGROUND

By virtue of the R&R, the Court assumes the parties' familiarly with the factual and procedural background of this case. However, the Court will provide a summary of certain background information particularly relevant to its evaluation of Defendant's motion and the R&R.

Plaintiff filed this action on July 24, 2014. (Dkt. 1). He asserts claims against Defendant for violation of his civil rights. (Dkt. 11). Defendant answered Plaintiff's second amended complaint on October 27, 2016 (Dkt. 17), and the case was referred to

---

[2]      On October 20, 2021, the Court issued a text order explaining that briefing on Plaintiff's motions for summary judgment and for judgment on the pleadings would be held in abeyance pending the Court's resolution of the R&R. (Dkt. 234). Accordingly, Defendant has not filed responses to those motions.

United States Magistrate Judge Jonathan W. Feldman for all pre-trial matters, excluding dispositive motions (Dkt. 18).[3]

On August 2, 2019, Defendant filed a notice to take the deposition of Plaintiff's social worker, Rita M. Reisinger-Novinsky.  (Dkt. 76).  Defendant attempted to depose Ms. Reisinger-Novisky on September 3, 2020, but Reisinger-Novisky terminated the deposition early because Plaintiff had informed her that it would last only one hour, and in reliance on that statement, she had scheduled patients for later that morning.  (*See* Dkt. 226 at 10; *see also* Dkt. 128 at ¶¶ 2-4).  Thereafter, on September 9, 2020, Defendant served on Plaintiff a First Set of Interrogatories and Document Demands.  (Dkt. 129 ("Defendant's First Set of Interrogatories and Document Demands")).

Plaintiff did not respond to the discovery demands but filed several motions for sanctions (Dkt. 126; Dkt. 127; Dkt. 131; Dkt. 132; Dkt. 134) which, among other things, challenged the propriety of the discovery demands (*see* Dkt. 134).  Defendant opposed Plaintiff's motions for sanctions (Dkt. 146) and on October 14, 2020, filed her own motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, requesting that the Magistrate Judge deny Plaintiff's motions for sanctions and grant sanctions against him, including but not limited to attorney's fees, for repeatedly filing frivolous motions (Dkt. 147; Dkt. 147-2 at 6-9).  Defendant also sought an order directing Plaintiff to participate in Ms. Reisinger-Novisky's deposition and respond to her discovery demands. (Dkt. 147).

---

[3]  On November 14, 2019, the case was re-referred to Magistrate Judge Pedersen. (Dkt. 89).

On February 1, 2021, the Magistrate Judge issued a Decision and Order denying both Plaintiff's and Defendant's motions for sanctions, but directed Plaintiff to fully respond to Defendant's interrogatories and document demands within 30 days, and also to not delay or otherwise impede, and to participate in, the deposition of Ms. Reisinger-Novisky.  (Dkt. 177).  The Magistrate Judge also admonished Plaintiff, in bolded text, that **"any future violation of Rule 11 may result in dismissal of the action or other appropriate sanctions."**  (*Id*. at 17).

Despite this order from the Magistrate Judge, Plaintiff still failed to participate in discovery, and he did not respond to Defendant's discovery demands.  On March 10, 2021, defense counsel sent a letter to Plaintiff via mail and e-mail, reminding him that pursuant to the Magistrate Judge's order his discovery responses were due on March 3, 2021, advising him that she could not proceed with Ms. Reisinger-Novisky's deposition until she received Plaintiff's responses, and informing him that she would seek sanctions if she did not receive Plaintiff's discovery responses by March 17, 2021.  (Dkt. 189).  On March 11, 2021, Plaintiff filed a letter addressed to the Clerk of Court complaining of defense counsel's "misconduct," and attaching her March 10, 2021 letter to him inquiring into the status of his discovery responses.  (Dkt. 190).

Thereafter, on March 18, 2021, Defendant filed a motion pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure, seeking dismissal or in the alternative preclusion of evidence relating to Ms. Reisinger-Novisky, as well as her attorney's fees and costs.  (Dkt. 193).  Defendant cited to Plaintiff's refusal to comply with the Magistrate Judge's order that he respond to Defendant's interrogatories and document demands.  (Dkt.

193-2 at 3).   On June 21, 2021, the Magistrate Judge granted in part and denied in part Defendant's motion, declining to impose the sanctions of preclusion or dismissal, but finding that Plaintiff willfully violated his discovery order, and again directing Plaintiff to participate in discovery.   (Dkt. 203 at 7-10).   The Magistrate Judge directed that Plaintiff provide complete responses to Defendant's discovery demands by July 19, 2021.   (*Id*. at 8).   He again warned Plaintiff:

> **the failure to respond to the Demands by that date will result in sanctions, which could include precluding Plaintiff from introducing evidence related to and/or derived from Rita Reisinger-Novisky, dismissal of this action, and directing Plaintiff to pay defense counsel's reasonable attorney's fees and costs associated with any subsequent motions made by Defendant pursuant to Rule 37.   The Court further warns Plaintiff that any failure to abide by this Court's orders or the Federal Rules in the future could result in any other sanction provided under the Federal Rules**.

(*Id*.).   The Magistrate Judge also directed the parties to meet and confer and propose amended case management deadlines by June 28, 2021, to replace the deadlines in the prior scheduling order.   (*Id*. at 10).   However, Plaintiff failed to confer with Defendant (*see* Dkt. 208; Dkt. 210; Dkt. 219-1 at ¶ 19), but rather filed a motion for an immediate restraining order, complaining that defense counsel attempted to contact him by email (Dkt. 214).   On June 30, 2021, the Magistrate Judge issued an amended scheduling/case management order, setting forth new deadlines for the completion of discovery and for the filing of dispositive motions.   (Dkt. 211).

After Plaintiff again failed to respond to Defendant's discovery demands, on July 27, 2021, Defendant filed another motion pursuant to Rules 37 and 41, seeking the following relief: (1) dismissal of the action based on Plaintiff's refusal to comply with

discovery or, in the alternative, precluding him from introducing evidence relating to or derived from Ms. Reisinger-Novisky; (2) ordering Plaintiff to pay attorney's fees for the motion; and (3) a stay of the remaining discovery deadlines pending resolution of the motion.  (Dkt. 219).  Plaintiff responded to the motion on July 30, 2021.  (Dkt. 222).  The Court referred the motion to the Magistrate Judge for resolution of both non-dispositive and dispositive issues, including to issue a Report and Recommendation on Defendant's motion to dismiss, if necessary.  (Dkt. 225).

On September 13, 2021, the Magistrate Judge issued the R&R recommending: (1) the Court dismiss Plaintiff's case pursuant to Rules 37(b)(2) and 41(b) of the Federal Rules of Civil Procedure, for Plaintiff's failure to prosecute and failure to comply with two court orders regarding discovery; (2) the Court grant Defendant's motion for attorney's fees; and (3) the Court grant Defendant's request to stay discovery.  (Dkt. 226 at 2).  Specifically, the Magistrate Judge found that dismissal was appropriate under both Rule 37 and Rule 41, thoroughly recounting Plaintiff's failure to comply with multiple discovery orders and his frivolous filings, which served to significantly delay the case.  (*Id*. at 2-17).  Plaintiff filed objections to the R&R on September 30, 2021 (Dkt. 228), and Defendant responded to Plaintiff's objections on October 12, 2021 (Dkt. 232).

## DISCUSSION

## I.   Standard for Review of Report and Recommendation

Where a party makes specific objections to a magistrate judge's report and recommendation, the district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is

made." 28 U.S.C. § 636(b)(1)(C).  "The Court reviews unobjected-to findings for clear error."  *Am. Ins. Co. v. City of Jamestown*, 914 F. Supp. 2d 377, 384 (W.D.N.Y. 2012). After conducting its review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II.    Plaintiff's Objections

Plaintiff raises the following objections to the R&R: (1) Defendant's motion to dismiss is procedurally barred by the amended scheduling order dated June 30, 2021 and therefore, both the motion to dismiss and the R&R were not timely filed (Dkt. 228 at 7-9), and (2) an objection relating to an "unresolved factual dispute," concerning Ms. Reisinger-Novisky's deposition (*id*. at 9-14).

Pursuant to Rule 72 of the Local Rules of Civil Procedure, "[w]ritten objections to proposed findings of fact and recommendations for disposition submitted by a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."  *See* L. R. Civ. P. 72(b).  While Plaintiff has identified two specific objections, those objections focus on unsupported claims concerning the nature of the record, and do not address the conclusions contained in the R&R.  In other words, Plaintiff has failed to offer any meaningful argument as to why the Magistrate Judge's factual and legal conclusions relevant to dismissal of his case are incorrect.  While objections of this nature fail to trigger *de novo* review, *see, e.g., Barnes v. City of N.Y.*, No. 13 Civ. 7283(GBD)(JLC), 2015 WL 5052508, at *3 (S.D.N.Y. Aug. 26, 2015) (explaining that objections which "make and reiterate arguments through

unclear and conclusory statements; state the factual circumstances of Plaintiff's allegations; and advance unsupported claims . . . are not clearly aimed at particular findings in the Report and therefore do not trigger *de novo* review"), the Court will address each of Plaintiff's objections below.[4]

Turning to Plaintiff's first objection, he cites to the language in the June 30, 2021 scheduling order, which states that "[t]he deadline to complete expert discovery has passed." (*See* Dkt. 228 at 7; *see also* Dkt. 211 at 1). However, Defendant first requested to depose Ms. Reisinger-Novisky in August 2019 and served discovery demands in September 2020, well in advance of the Magistrate Judge's issuance of the June 2021 scheduling order. Contrary to Plaintiff's implication, the Court does not construe the June 2021 scheduling order as precluding Defendant from continuing to seek discovery from Plaintiff, which Defendant first requested years earlier and which she has continued to seek by court order. Given that the Magistrate Judge ordered Plaintiff to participate in discovery on multiple occasions, the Court does not believe he meant to preclude Defendant from continuing to seek this information from Plaintiff. Plaintiff may not rely on his own delay tactics to preclude Defendant from obtaining responses to her discovery demands.

Plaintiff's second objection focuses on a disc Defendant provided to the Court, demonstrating that defense counsel did not act improperly during the deposition of Ms. Reisinger-Novisky, as Plaintiff had claimed. Plaintiff takes issue with the alleged

---

[4]    The Court further notes that Plaintiff failed to raise these arguments before the Magistrate Judge, which precludes *de novo* review. *See Baker v. Ace Advertisers' Serv., Inc.*, 153 F.R.D. 38, 43 (S.D.N.Y. 1992).

mislabeling of this disc as his own deposition, when it was actually a deposition of Ms. Reisinger-Novisky. (Dkt. 228 at 10). He appears to theorize that Defendant "altered" the video, and the Magistrate Judge was aware of that fact and knowingly made a false statement that Defendant provided a "true and accurate copy" of Ms. Reisinger-Novisky's deposition. (*Id*.). As explained above, because this argument was not raised before the Magistrate Judge, the Court does not have the benefit of any factual findings concerning the purported "mislabeling" of the disc, and Plaintiff has not provided the Court with any evidence supporting his position. More importantly, Plaintiff may not rely on the purported mislabeling of a disc to excuse his own willful discovery violations and misconduct.

Accordingly, the Court finds that neither of the objections raised by Plaintiff require rejection or modification of the R&R. Further, as explained above, Plaintiff's objections, which "make and reiterate arguments through unclear and conclusory statements; state the factual circumstances of Plaintiff's allegations; and advance unsupported claims," *see Barnes*, 2015 WL 5052508, at *3, are not clearly aimed at the Magistrate Judge's determination that dismissal is appropriate under either Rule 37 or Rule 41, or that Defendant is entitled to her attorney's fees. However, given Plaintiff's *pro se* status, the Court will conduct a *de novo* review of the R&R.

## III.   Dismissal is Appropriate Under Either Rule 37 or Rule 41

### A.  Rule 37

The R&R first recommends that the Court grant Defendant's motion pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure and dismiss Plaintiff's case for his failure to comply with discovery orders. (Dkt. 226 at 5). In the alternative, the Magistrate

Judge recommends that Plaintiff be precluded from introducing evidence relating to and/or derived from Ms. Reisinger-Novisky, including that he be precluded from calling her as a witness pursuant to Rule 37(b)(2)(ii).  (*Id*. at 8).

Rule 37(b) allows the court to sanction a party for failing to comply with an order to provide or permit discovery, including dismissal of the action in whole or in part.  *See* Fed. R. Civ. P. 37(b)(2)(A).  "Disciplinary sanctions for failure to comply with Rule 37 are intended to serve three purposes."  *Arnold v. Krause, Inc.*, 233 F.R.D. 126, 129-30 (W.D.N.Y. 2005).

> First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific deterrents and seek to obtain compliance with the particular order issued.  Third, they are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault.

*Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988).  "All litigants, including *pro ses,* have an obligation to comply with court orders . . . and failure to comply may result in sanctions, including dismissal with prejudice."  *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (alteration, quotations, and citation omitted).  In other words, *pro se* litigants "are not immune to dismissal as a sanction for noncompliance with discovery orders."  *Id*.

"Whether exercising its inherent power, or acting pursuant to Rule 37, a district court has wide discretion in sanctioning a party for discovery abuses."  *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 267 (2d Cir. 1999); *see Design Strategy, Inc. v. Davis*, 469 F.3d 284, 294 (2d Cir. 2006) ("A district court has wide discretion to impose sanctions,

including severe sanctions, under Federal Rule of Civil Procedure 37. . . .").  In imposing

Rule 37 sanctions, courts consider various factors, including:

> (1) the willfulness of the non-compliant party or the reason for
> noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the
> period of noncompliance[;] and (4) whether the non-compliant party had
> been warned of the consequences of noncompliance.

*Funk v. Belneftekhim*, 861 F.3d 354, 366 (2d Cir. 2017) (quoting *S. New England Tel. Co.

v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010)); *see also Agiwal*, 555 F.3d at 302-

03.

 "Dismissal of a lawsuit . . . is appropriate if 'there is a showing of willfulness, bad

faith, or fault on the part of the sanctioned party.'"  *Occhino v. Citigroup Inc.*, No. CV-03-

5259 (CPS), 2005 WL 2076588, at *11 (E.D.N.Y. Aug. 26, 2005) (quoting *West v.

Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999)).  This high bar is set

because dismissal is considered a "drastic remedy that should be imposed only in extreme

circumstances."  *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172,

1176 (2d Cir. 1988) (quotation omitted).  However, "[d]ismissal of a *pro se* litigant's action

may be appropriate 'so long as a warning has been given that non-compliance can result in

dismissal.'"  *Agiwal*, 555 F.3d at 302 (quoting *Valentine v. Museum of Modern Art*, 29 F.3d

47, 50 (2d Cir. 1994)).

 The Court has considered each of the above-mentioned factors and agrees with the

R&R that dismissal of Plaintiff's case is appropriate.  Turning first to the willfulness of

Plaintiff's non-compliance, he has refused to comply with two orders directing him to

respond to Defendant's discovery demands.  (*See* Dkt. 177 at 17 (Magistrate Judge's

February 1, 2021 Decision and Order); Dkt. 203 at 8 (Magistrate Judge's June 21, 2021 Decision and Order)).   Plaintiff's filings demonstrate that he had knowledge of the Magistrate Judge's orders.   For example, instead of complying with the February 1, 2021 Decision and Order, Plaintiff filed a declaration, disputing the order as "dishonest."  (Dkt. 187 at 1).   Likewise, rather than complying with the June 21, 2021 Decision and Order, Plaintiff filed a "reply" arguing that the Magistrate Judge lacked jurisdiction to rule on Defendant's motion and therefore the June 21, 2021 directive that he comply with discovery was improper.[5]   (Dkt. 204 at 1-3).   Plaintiff's actions demonstrate that his conduct was willful.   *Handwerker v. AT&T Corp.*, 211 F.R.D. 203, 209 (S.D.N.Y. 2002) ("a party's persistent refusal to comply with a discovery order presents sufficient evidence of willfulness, bad faith or fault" (quotations and citation omitted)), *reconsideration denied*, 285 F. Supp. 2d 331 (S.D.N.Y. 2002), *aff'd*, 93 F. App'x 328 (2d Cir. 2004). Although Plaintiff is proceeding *pro se* and "may in general deserve more lenient treatment than those [litigants] represented by counsel," he is still obligated to comply with court orders.   *McDonald v. Head Crim. Ct. Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988) (explaining that *pro se* litigants have an obligation to comply with court orders, and "[w]hen they flout that obligation they, like all litigants, must suffer the consequences of their actions").   Accordingly, this factor weighs in favor of dismissal.

---

[5]     As explained its prior Decision and Order dated September 13, 2021, Plaintiff's assertion that the Magistrate Judge did not have jurisdiction to rule on Defendant's motion filed pursuant to Rule 37 and Rule 41 is incorrect.  (*See* Dkt. 224 at 9).

The Court has also considered the efficacy of lesser sanctions and agrees with the Magistrate Judge that no other sanction other than dismissal is appropriate. As explained above, Plaintiff has demonstrated that he does not intend to comply with court orders. He has also ignored several attempts by Defendant to prompt him to provide discovery responses or to otherwise participate in discovery. (*See, e.g.*, Dkt. 189; Dkt. 190; Dkt. 207; Dkt. 208; Dkt. 210). The parties are unable to move the case forward towards resolution unless and until Plaintiff abides by court orders, and he has consistently demonstrated that he will not do so. *Embuscado v. DC Comics*, 347 F. App'x 700, 701 (2d Cir. 2009) (finding that "deliberate and persistent noncompliance rendered lesser sanctions inappropriate"). Based on the record before it, the Court is left with the firm conviction that some lesser sanction—such as exclusion of evidence—will not serve to convince Plaintiff that he must comply with court orders. Rather, Plaintiff would likely treat some other sanction with the same disregard he gave the Magistrate Judge's two prior orders that he respond to Defendant's discovery demands. Accordingly, this factor also weighs in favor of dismissal.

The duration of Plaintiff's non-compliance weighs in favor of dismissal. Defendant first noticed Ms. Reisinger-Novisky's deposition on August 2, 2019 (Dkt. 76) and served discovery demands on September 9, 2020 (Dkt. 129), and therefore those discovery requests have been pending for a significant time. On February 1, 2021, the Magistrate Judge issued a Decision and Order directing that Plaintiff respond to Defendant's interrogatories and document demands within 30 days and to participate in Ms. Reisinger-Novisky's deposition (Dkt. 177), and the Magistrate Judge again directed that Plaintiff respond to Defendant's discovery demands on June 21, 2021 (Dkt. 203). At the time the

Magistrate Judge issued the R&R, approximately seven months had passed since the first order directing Plaintiff to respond to Defendant's discovery demands, and at this time almost one year has passed since the Magistrate Judge first ordered Plaintiff to respond to Defendant's discovery demands.  To date, Plaintiff still has not provided responses to Defendant's interrogatories or document demands.  These lengthy delays also weigh in favor of dismissal.  *See Dungan v. Donahue*, No. 12 CV 5139(ILG)(RLM), 2014 WL 2941240, at *4 (E.D.N.Y. June 30, 2014) (where four months had passed since the court "expressly noted plaintiff's 'pattern of delaying the case, ignoring court orders, and refusing to provide discovery,' and six months since the Court first admonished plaintiff for failing to cooperate with defense counsel," finding that duration of the plaintiff's delay weighed in favor of dismissal (internal citations omitted)).

Finally, Plaintiff has been warned—on two separate occasions, and in bolded text—that his failure to comply with discovery orders may result in the dismissal of his case. (*See* Dkt. 177 at 17 (Magistrate Judge's February 1, 2021 Decision and Order); Dkt. 203 at 8 (Magistrate Judge's June 21, 2021 Decision and Order)).  Notwithstanding these warnings, Plaintiff still refuses to comply with the Magistrate Judge's orders that he respond to Defendant's discovery demands.  Accordingly, this factor also weighs in favor of dismissal.

Having carefully considered each of the aforementioned factors and finding that each weighs in favor of dismissal, the Court hereby adopts the Magistrate Judge's conclusion that dismissal pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure is warranted.

**B.  Rule 41**

Although the Court has concluded that dismissal is appropriate pursuant to Rule 37(b)(2), consistent with the R&R, the Court also considers whether dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is warranted.  A court's determination of whether to dismiss under Rule 41(b) "is guided by similar factors" to those that govern dismissal under Rule 37, with dismissal under Rule 37 including "the additional factor of the willfulness of the noncompliant party or the reason for the noncompliance," *Henry F. v. Woodlick*, No. 13-CV-4261 (NGG)(RML), 2014 WL 5878122, at *6 (E.D.N.Y. Nov. 12, 2014) (quotation and citation omitted), and "there is little distinction whether the dismissal is technically made under Rule 41 or Rule 37," *Peters-Turnbull v. Bd. of Educ. of City of N.Y.*, 7 F. App'x 107, 110 (2d Cir. 2001).

Rule 4l(b) authorizes a district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order. . . ."  Fed. R. Civ. P. 41(b). "Although Rule 41(b) does not define what constitutes a failure to prosecute, '[i]t can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics.'"  *Cognotec Servs., Ltd. v. Morgan Guar. Trust, Co.*, No. 93 Civ. 4878 KTD, 1999 WL 627411, at *2 (S.D.N.Y. Aug. 18, 1999) (quoting *Lyell Theatre Corp. v. Loews Corp.,* 682 F.2d 37, 42 (2d Cir. 1982)).  "Dilatory tactics 'may consist, for example, of groundless motions, repeated requests for continuances or persistent late filings of court ordered papers.'"  *Id.*  While Rule 41 "refers to dismissal upon motion of a defendant, the Supreme Court has made clear that a court has the inherent authority to dismiss an action *sua sponte*."  *Lopez v. Comm'r of Soc. Sec.*, 110 F. Supp. 3d 489, 491

(W.D.N.Y. 2015) (citation omitted).  "While a harsh remedy, the rule is 'intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload.'"  *Id*. (citation omitted).

Before dismissing a case under Rule 41(b), the district court must weigh five factors, many of which include the factors weighed by the court in assessing a Rule 37 dismissal:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (citation omitted).  Generally, no single factor in the analysis is dispositive.  *Id*.  The Second Circuit has "indicated that a pro se litigant's claim should be dismissed for failure to prosecute 'only when the circumstances are sufficiently extreme.'"  *Id*. (citation omitted).  Weighing the five factors listed above, the Court finds that the circumstances are "sufficiently extreme" to warrant dismissal for failure to prosecute.

As explained above in section III(A), *supra*, factors one (the duration of the plaintiff's failure to comply with the court order), two (whether the plaintiff was on notice that failure to comply would result in dismissal), and five (whether the judge has adequately considered a sanction less drastic than dismissal), all weigh in favor of dismissal.  At the time the Magistrate Judge issued the R&R, approximately seven months had elapsed since the February 1, 2021 Decision and Order requiring Plaintiff to respond to Defendant's discovery demands, and the delays that occurred during that time were the result of

Plaintiff's own conduct, which necessitated extensive motion practice by Defendant to attempt to obtain the outstanding discovery responses. *See Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001) (explaining that in applying the first factor, the court should consider "(1) whether the failures to prosecute were those of the plaintiff; and (2) whether these failures were of significant duration"). Plaintiff was warned on two occasions that his failure to comply could result in the dismissal of his case. (*See* Dkt. 177; Dkt. 203). The Magistrate Judge has also employed sanctions less drastic than dismissal, including admonishing Plaintiff, which have failed to prompt Plaintiff to comply. *See, e.g., Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 26 (S.D.N.Y. 1996) (explaining that sanction less drastic than dismissal would not be appropriate, as "plaintiff seems to have great difficulty complying with directions of the Court," which was made "apparent in his failure to answer the[] interrogatories," and "in his failure to comply with the Court's direction. . . ."). Accordingly, the Court considers whether the third and fourth factors—whether Defendant is likely to be prejudiced by further delay in the proceedings and a balancing of the Court's interest in managing its docket with Plaintiff's interest in receiving a fair chance to be heard—weigh in favor of dismissal.

The Court agrees with the Magistrate Judge's conclusion that Defendant is likely to be prejudiced by a further delay in the proceedings. *See Coats v. Dep't of Veteran Affairs*, 268 F. App'x 125, 127 (2d Cir. 2008) ("when a plaintiff has unreasonably delayed, prejudice to the defendants may be presumed"). Plaintiff filed this action almost eight years ago in July 2014. Defendant served discovery demands in September 2020, to which Plaintiff still has not responded. As noted by the Magistrate Judge, the passage of time

will affect witness memories, and further delay would only exacerbate those issues. *See Georgiadis*, 167 F.R.D. at 25 (explaining that the plaintiff's failure to respond to interrogatories, which sought identification of possible witnesses, caused prejudice because "[t]he passage of time always threatens difficulty as memories fade," and "[g]iven the age of this case, that problem probably is severe already," and "[t]he additional delay that plaintiff has caused . . . can only make matters worse"). Further, Defendant has devoted significant time and resources addressing Plaintiff's frivolous filings and to obtain the outstanding discovery, which could have been spent either moving this case towards a resolution or in addressing other matters. Accordingly, the Court finds that Defendant has been prejudiced, and this factor also weighs in favor of dismissal.

The Court has also balanced its interest in managing its docket with Plaintiff's interest in receiving a fair chance to be heard. Over the past several years Plaintiff has been granted numerous opportunities to be heard regarding his claims (*see, e.g.*, Dkt. 136 (September 22, 2020 conference on Plaintiff's motions for sanctions); Dkt. 144 (October 7, 2020 status conference on issues raised in Plaintiff's September 30, 2020 filing); Dkt. 175 (January 20, 2021 hearing on Plaintiff's motion for a hearing)), and he has filed several motions, all of which were addressed by either the Magistrate Judge or the undersigned (*see, e.g.*, Dkt. 110; Dkt. 118; Dkt. 126; Dkt. 127; Dkt. 131; Dkt. 132; Dkt. 134; Dkt. 141; Dkt. 143; Dkt. 153; Dkt. 157; Dkt. 159; Dkt. 168; Dkt. 214). Despite multiple opportunities to be heard, Plaintiff has continually flouted court orders and efforts to move the case towards a resolution, and has instead engaged in serial motion-filing, including by making duplicative and frivolous filings. For example, Plaintiff has made several motions for

summary judgment and filings purporting to be motions for summary judgment, many of which were not properly filed (*see, e.g.*, Dkt. 98; Dkt. 118; Dkt. 153), and he has filed several motions for sanctions throughout the history of this case (*see, e.g.*, Dkt. 177 at 4-14 (addressing Plaintiff's motions for sanctions)).   Further, following the Magistrate Judge's June 21, 2021 Decision and Order directing Plaintiff to provide discovery responses by July 19, 2021 (Dkt. 203), Plaintiff filed several "responses" to the decision, which do not raise any substantive issues with regard to the decision, but rather purported to be "formal complaints" against the Magistrate Judge for allegedly violating this Court's orders regarding the disposition of dispositive motions (Dkt. 204; *see also* Dkt. 205; Dkt. 206; Dkt. 212).

Over the last year alone, both the Magistrate Judge and the undersigned have spent a significant amount of time and resources addressing Plaintiff's frivolous filings and his failure to comply with court orders.  (*See, e.g.*, Dkt. 169 (December 30, 2020 text order addressing Plaintiff's improper motion); Dkt. 177 (February 1, 2021 Decision and Order addressing and denying Plaintiff's five motions for sanctions); Dkt. 188 (March 9, 2021 Decision and Order denying as duplicative Plaintiff's motion for a hearing); Dkt. 195 (March 26, 2021 Order denying without prejudice Plaintiff's motion for summary judgment, and noting outstanding discovery, including the deposition of Ms. Reisinger-Novisky); Dkt. 203 (June 21, 2021 Decision and Order addressing Defendant's motion to dismiss, based on Plaintiff's failure to comply with discovery orders); Dkt. 224 (September 13, 2021 Decision and Order addressing Plaintiff's improperly filed motion for summary judgment and noting duplicative and frivolous filings); Dkt. 226 (instant R&R)).  In other

words, at this point in the case Plaintiff has been afforded ample opportunity to be heard, and that must yield to the Court's interest in managing its docket, particularly considering that Plaintiff has demonstrated—time and again—that he will not comply with court orders. *Georgiadis*, 167 F.R.D. at 25 ("the Court's interest in managing its docket, after all of the difficulties caused by plaintiff in this case, now outweighs plaintiff's interest in being heard on the merits"). Accordingly, this factor also weighs in favor of dismissal.

Having carefully considered the aforementioned factors and concluding that each weighs in favor of dismissal of Plaintiff's case, the Court hereby adopts the Magistrate Judge's recommendation that dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is warranted.

## IV.    Attorney's Fees

Pursuant to Rule 37(a)(5)(A) and (C) of the Federal Rules of Civil Procedure, Defendant also seeks her attorney's fees incurred in connection with bringing the instant motion. (Dkt. 219; Dkt. 219-8; 219-9 at 10). The Magistrate Judge found that an award of attorney's fees was justified and awarded fees in the amount of $2,925.00. (Dkt. 226 at 18-20).[6]

---

[6]     Although it is not specifically addressed in the R&R, the Court notes that government entities, such as the Attorney General's Office, are entitled to recover their reasonable attorney's fees. *See Adams v. N.Y.S. Educ. Dep't*, 630 F. Supp. 2d 333, 348 (S.D.N.Y. 2009) ("That 'government attorneys receive a fixed salary and do not bill a client for their services,' should not change the analysis of what rate a paying client would be willing to pay, and thus the rate should be the same whether private counsel, non-profit organization counsel or a government attorney performs the work." (citation omitted)); *see also N.L.R.B. v. A.G.F. Sports Ltd.,* No. MISC. 93-049 (CBA), 1994 WL 507779, at *1 (E.D.N.Y. June 22, 1994) ("[I]t is established law in this Circuit that government attorneys may be reimbursed at the prevailing market rate.").

Rule 37(a)(5) allows a court to order sanctions in connection with a motion compelling disclosure or discovery:

(5) Payment of Expenses; Protective Orders.

(A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i)      the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii)     the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii)    other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5). "Despite the compulsory language in Rule 37, 'a district court has wide discretion in sanctioning a party for discovery abuses.'" *Smith v. Fischer*, No. 13-CV-6127-FPG, 2019 WL 4750548, at *2 (W.D.N.Y. Sept. 30, 2019) (quoting *Reilly*, 181 F.3d at 267). In determining whether to award expenses, a court should consider the three exceptions listed in the rule at subsections (i) through (iii). *See Wager v. G4S Secure Integration, LLC*, No. 1:19-cv-03547-MKV-KNF, 2021 WL 293076, at *3 (S.D.N.Y. Jan. 28, 2021). Further, "[t]he imposition of Rule 37(a)(5) sanctions for failure to comply with discovery demands must be weighed in light of the full record." *S.E.C. v. Yorkville Advisors, LLC*, No. 12 Civ. 7728(GBD)(HBP), 2015 WL 855796, at *3 (S.D.N.Y. Feb. 27, 2015).

The record reflects that Defendant attempted in good faith to obtain discovery from Plaintiff without court intervention.  (*See* Dkt. 189 (Defendant's March 10, 2021 letter to Plaintiff requesting responses to interrogatories and document demands, and advising that "[i]f I do not receive any response from you by March 17, 2021 . . . I will seek sanctions from the Court. . . .")).  As explained above, Plaintiff's refusal to respond to these demands is not substantially justified.  To the contrary, his refusal was in direct violation of two court orders.

Finally, the Court can cannot discern, nor has Plaintiff identified, any other circumstances that would make an award of expenses unjust.  The Magistrate Judge previously denied Defendant's request for attorney's fees, and Plaintiff was warned in the June 21, 2021 Decision and Order that he could be ordered "**to pay defense counsel's reasonable attorney's fees and costs associated with any subsequent motions made by Defendant pursuant to Rule 37.**"  (Dkt. 203 at 8).  Further, the record before the Court does not indicate that Plaintiff is destitute and would be unable to pay the attorney's fees.  For example, Plaintiff paid the filing fee in this case and is not proceeding *in forma pauperis*.  *Cf. Smith*, 2019 WL 4750548, at *2 (noting that plaintiff "has been proceeding *pro se* for a substantial portion of the case and *in forma pauperis* for the entirety of it," and explaining that "[a]warding Defendants over $1,000 in attorney's fees would place an unreasonable burden upon Plaintiff, who could not afford the filing fee to bring this action").  Further, Plaintiff works in construction and has been working as a laborer for over 20 years.  (*See* Dkt. 219-5 at 13-14).  Accordingly, having considered the three exceptions listed at subsections (i) through (iii), the Court agrees with the Magistrate

Judge's determination that Defendant is entitled to collect her attorney's fees in connection with bringing her most recent motion to dismiss. *Sterling v. Promotional Corp. v. Gen. Accident Ins. Co. of N.Y.*, 86 F. App'x 441, 445 (2d Cir. 2004) (finding that district court did not abuse its discretion in ordering dismissal pursuant to Rule 37 for repeated failure of insured's president to appear for deposition, and holding insured and its attorney jointly and severally liable for attorney fees, noting that "both dismissal and an award of attorneys' fees are among the sanctions available under Rule 37").

Defense counsel has filed a declaration stating that she spent 13 hours preparing her motion. (*See* Dkt. 219-1 at ¶ 24). She has also attached an itemized schedule detailing the hours worked (Dkt. 219-8), and requests attorney's fees in the amount of $2,925.00 (Dkt. 219-9 at 12). The Court has reviewed the itemized schedule detailing defense counsel's hours spent in preparing the instant motion and finds that they are reasonable and not duplicative. Further, attorney's fees in the amount of $2,925.00 for 13 hours yields an hourly rate of $225.00, which is reasonable given counsel's ten years of experience (*see* Dkt. 219-1 at ¶ 23). *See, e.g., Costa v. Sears Home Improvement Prods., Inc.*, 212 F. Supp. 3d 412, 420-21 (W.D.N.Y. 2016) (collecting cases, and finding hourly rates of $225 to $250 for partner or senior associate time reasonable). Accordingly, the Court adopts the Magistrate Judge's recommendation that Defendant is entitled to attorney's fees in connection with bringing the instant motion, and Defendant is awarded attorney's fees in the amount of $2,925.00.[7]

---

[7]     The Court notes that the $2,925.00 in attorney's fees awarded to Defendant represents just a fraction of the $9,450.00 she previously spent responding to motions filed

## **CONCLUSION**

Accordingly, for the foregoing reasons, the Court hereby adopts the R&R (Dkt. 226) in its entirety. Defendant's motion to dismiss (Dkt. 219) is granted to the extent that Plaintiff's case is dismissed, and Defendant is awarded attorney's fees in the amount of $2,925.00. Plaintiff's pending motions for summary judgment (Dkt. 229) and for judgment on the pleadings (Dkt. 233) are denied as moot. The Clerk of Court is directed to enter judgment in favor of Defendant and to close this case.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:        January 18, 2022
              Rochester, New York

---

by Plaintiff and filing her own motions to move the case forward. (*See* Dkt. 219-9 at 11; *see also* Dkt. 170 at ¶ 19, 10 (calculating attorney's fees in the amount of $6,075.00, spent in connection with responding to Plaintiff's motions for sanctions and drafting Defendant's Rule 11 motion for sanctions); Dkt. 196 at ¶¶ 4, 5 (documenting attorney's fees in the amount of $3,375.00 accrued in connection with Defendant's March 18, 2021 motion filed pursuant to Rules 37 and 41)).